VIOLET ANNE CONDREAY, APPELLEE, V. DANNY GENE CONDREAY, APPELLANT.

209 N. W. 2d 357

Filed July 13, 1973. No. 38948.

Henry Grether and Alan Saltzman, for appellant.

Otradovsky & Bieber and Robert D. Westadt, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a divorce action heard and determined under Chapter 42, article 3, R. S. Supp., 1972. The court found that the marriage was irretrievably broken and entered judgment dissolving the marriage. We affirm that judgment.

Defendant assigns as error the determination by the court that reconciliation could not be effected. Defendant had applied for a conciliation proceeding which was denied for the reason that: "* * * the District Court of Colfax County has never made a determination pursuant to Sec. 42-803 that the conditions of said county warranted such a Conciliation Court, * * *." In its decree the court found: "Every reasonable effort to effect reconciliation has been made, without success. The marriage of Plaintiff and Defendant is irretrievably broken and should be dissolved."

The record reflects that the defendant was, on November 23, 1971, 5 months after the parties were married,

charged with rape, sodomy, kidnapping, and assault, plead guilty to assault with intent to inflict great bodily injury, and is an inmate of the Nebraska Penal and Correctional Complex, serving a term of 5 to 10 years commencing April 28, 1972. Plaintiff states she contemplated divorce after charges were filed against defendant but agreed with him that she would not proceed with it until after he was sentenced. She denied that reconciliation is possible and states she had contemplated divorce before his arrest because he had been "dating around." She visited him in prison on two occasions but divorce was not discussed.

Section 42-803, R. R. S. 1943, provides: "The provisions of sections 42-801 to 42-823 shall be applicable only in counties in which the district court determines that the social conditions in the county and the number of domestic relations cases in the courts render the procedures provided in sections 42-801 to 42-823 necessary to the full and proper consideration of such cases and the effectuation of the purposes of sections 42-801 to 42-823." The record discloses that Chapter 42, article 8, R. R. S. 1943, is not applicable to Colfax County as the necessary steps to activate it in that county were never taken by the court. It is, therefore, for the District Court, and not a conciliation court, to determine, in the first instance, the possibility of reconciliation. Does the record sustain the finding of the court in this respect?

Section 42-360, R. S. Supp., 1972, requires the court to find that every reasonable effort to effect reconciliation has been made before dissolving a marriage. It further provides that a reference for conciliation purposes should be made only when "there appears to be some reasonable possibility of a reconciliation being effected." It appears that in the absence of a "reasonable possibility" of reconciliation, strenuous efforts to bring it about are not required. The question for the court in each case is, what is reasonable under the cir-

cumstances. In cases where it is obvious that reconciliation cannot be effected, efforts in that direction would be useless and are not required.

Section 42-361, R. S. Supp., 1972, provides that the court, in determining if the marriage is irretrievably broken, shall "consider all relevant factors, including the circumstances that gave rise to the filing of the petition and the prospect of reconciliation." Certainly, experience dictates that in view of the nature of the criminal charges made against the defendant and his present incarceration, the marriage is irretrievably broken and reconciliation impossible unless plaintiff is an unusually forgiving person. She is the only one who can say whether or not she will forgive and forget what has transpired and effect a reconciliation. This she categorically refuses to do. Under such circumstances the finding of the court is not unreasonable.

The judgment of the District Court is affirmed.

AFFIRMED.